United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OMAR MISAEL SILVA ISLAS,

Petitioner,

v.

RON MURRAY, *et al.*,

Respondents.

Case No. 1:26-cv-05469 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Omar Misael Silva Islas filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. *See*Dkt. No. 1 at 32. The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner entered the United States sometime in 2022 and has been living in the United States for the last four years. *Id*. at 10. He does not allege having been detained by immigration authorities prior to his recent detention, however, he has a pending application for asylum, and was granted work authorization by USCIS. Dkt. No. 7-1 at 6. On April 12, 2026, Petitioner was pulled over by a U.S. Forest Service Officer for driving with an expired license plate. *Id*. at 5. After inquiring into Petitioner's immigration status, the officer arrested Petitioner, and he was transferred to ICE custody. *Id*. Petitioner was subsequently served with a Notice to Appear placing him in removal proceedings. *See* Dkt. No. 7-2. Petitioner has remained detained since his arrest and has not been provided a bond hearing as Respondents maintain that he may be mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 7 at 1.

The Court rejects this argument. As the Ninth Circuit held in *Rodriguez Vazquez v.*

United States District Court
Eastern District of California

*Bostock*, noncitizens “present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).” 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Accordingly, the Court finds that Petitioner’s detention, bond, and release are controlled by § 1226(a).

As Respondents only argue that Petitioner was detained pursuant to § 1225(b)(2)(A), and have not argued that Petitioner was provided the process to which he was statutorily entitled to under § 1226(a), or presented any prima facie evidence that Petitioner would be a flight risk or danger to the community, the appropriate remedy is Petitioner’s immediate release. *See, e.g., Piloto v. Warden, California City Correctional Center*, No. 1:26-cv-03488 (AMO), 2026 WL 1407949, at *3 (E.D. Cal. May 19, 2026); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (granting immediate release where Government denied that petitioner was detained under § 1226); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same); *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3–4 (D. Nev. Apr. 6, 2026) (finding an arrest is unlawful, and release was warranted, where the Government failed to follow its own regulations under § 1226(a) in issuing a warrant before arresting petitioner). Indeed, Respondents concede as much, noting in opposition that “[t]his case is in the category of immigration habeas cases for which the Court has typically ordered immediate release.” Dkt. No. 7 at 1.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to immediately release Petitioner from custody. If Respondents seeks to re-detain Petitioner, it must provide no less than seven (7) days’ notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to § 1226(a) and its implementing

United States District Court
Eastern District of California

regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: August 28, 2026

EDWARD J. DAVILA
United States District Judge